# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE KLINGENSMITH, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ARMSTRONG SCHOOL DISTRICT, )<br>)<br>    Defendant. ) | 2:22-CV-743-NR |

## MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

Plaintiff Michelle Klingensmith worked as a substitute teacher for the Armstrong School District through the company Source4Teachers. In April 2017, she took on shifts at Shannock Valley Elementary School, the same school attended by her two daughters, both of whom have physical and developmental disabilities. But after her first day teaching there, she learned that her shifts at the school were canceled, and she would not be permitted to teach at Shannock. The reason: the school determined that her presence in the same building as her children would be "detrimental" to their learning and development. For the remainder of the 2016-17 school-year and the 2017-18 school-year, Ms. Klingensmith worked substitute teaching shifts at other schools, including West Shamokin Junior High. But when she enrolled her now-older daughters at West Shamokin, her shifts at that school were canceled. She learned from Source4Teachers that the reason for the canceled shifts was a determination by the District that her presence at the same school as her daughters created a "conflict of interest," and that she would not be permitted to teach there until her children graduated. Ms. Klingensmith did not teach at all from September 2018 to November 2018, when the District permitted her to resume substitute teaching at West Shamokin.

Ms. Klingensmith brought this case against the District for employment discrimination under the Americans with Disabilities Act and Pennsylvania Human Relations Act. She alleges violations of her right to be free from employment discrimination and retaliation based upon her association with her daughters. The District now moves to dismiss the amended complaint (ECF 6) on two grounds: first, that the allegations in the amended complaint that occurred before May 12, 2018 are time-barred, and second, that Ms. Klingensmith fails to state sufficient factual allegations to allow the Court to draw the reasonable inference that she is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). After careful review, the Court finds that the District is right on both points.

First, the District contends that Ms. Klingensmith failed to file her charge of discrimination with the EEOC or the Pennsylvania Human Relations Commission in a timely manner. ECF 8, pp. 8-9. Before commencing a suit for discrimination under the ADA in district court, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 783 (W.D. Pa. 2000) (Cohill, J.), *aff'd*, 276 F.3d 579 (3d Cir. 2001). And where, as here, the complainant first (or concurrently) files with the state agency for relief from the discriminatory practice, the plaintiff has 300 days from the date of the alleged discrimination to file her charge with the EEOC; complaints about discriminatory acts falling outside that 300-day window are time-barred. *Id.*; 42 U.S.C. § 2000e-5(e)(1).

The District points out, and Ms. Klingensmith admits, that she did not file her charge of discrimination with the EEOC and PHRC until March 8, 2019. ECF 6, ¶ 3; ECF 8, pp. 8-9; ECF 13, p. 10. As a result, her claims for discrimination occurring before May 12, 2018—that is, the alleged discrimination she suffered when she was prevented from teaching at Shannock (the elementary school)—are time-barred.

Second, though the alleged discrimination prohibiting Ms. Klingensmith from working at West Shamokin (the junior high school) in the Fall of 2018[1] is timely, the District argues that it doesn't survive the *Iqbal-Twombly* pleading standard. The Court agrees.

It is unlawful under the ADA to discriminate against a qualified individual by excluding or otherwise denying that person equal jobs or benefits because of a known disability of an individual with whom the qualified individual is known to have a relationship or association. 42 U.S.C. § 12112(B)(4). To establish a *prima facie* case of this discrimination by association, the plaintiff must prove: (1) she was qualified for the job at the time of the adverse employment action; (2) she was subjected to an adverse employment action; (3) she was known by her employer at the time to have a relative or associate with a disability; and (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision. *Von Bialy v. Grill*, No. 16-42, 2018 WL 1412410, at *5 (W.D. Pa. Mar. 21, 2018) (Fischer, J.) (collecting cases).

Ms. Klingensmith's complaint falls short at the second prong: she has not pled sufficient factual allegations establishing that she suffered an adverse employment action when she was precluded from working in the same building as her children at West Shamokin.[2]

---

[1] The amended complaint alleges that Ms. Klingensmith was unable to work at West Shamokin between September 2018 and November 2018—but that in November 2018, the District allowed her to work there. Her brief in opposition to the motion to dismiss says that she was allowed to commence working at West Shamokin in November 2019. It is unclear whether the November 2018 date in the amended complaint is a typographical error, but it doesn't matter for present purposes.

[2] The District challenges the third and fourth prongs, as well, but the amended complaint pleads sufficient facts to satisfy those prongs. ECF 6, ¶¶ 22, 35-39, 41.

The Third Circuit has defined an adverse employment action as one that alters the employee's compensation, terms, conditions, or privileges of employment, deprives her of employment opportunities, or adversely affects her status as an employee. *Forestieri v. Wendover, Inc.*, No. 18-1171, 2019 WL 1786042, at *5 (D. Del. Apr. 24, 2019) (quoting *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 257 (3d Cir. 2014)). A transfer or relocation may constitute an adverse employment action if that relocation is "demonstrably inferior" to the prior location or that the move "negatively impacted" the employee's career opportunities. *Stranzl v. Delaware Cnty.*, No. 13-1393, 2014 WL 3418996, at *9 (E.D. Pa. July 14, 2014), *aff'd*, 604 F. App'x 210 (3d Cir. 2015); *see also Durham Life Insurance Co. v. Evans*, 166 F.3d 139, 153 (3d Cir. 1999) ("If an employer's act substantially decreases an employee's earning potential and causes significant disruption in his or her working conditions, a tangible adverse employment action may be found.").

At its core, Ms. Klingensmith's amended complaint concerns what is tantamount to an undesirable transfer or relocation—that is, the amended complaint pleads that she couldn't work as a substitute at West Shamokin but could work at other schools in the District. Ms. Klingensmith makes three arguments that this "relocation" was demonstrably inferior, but none are successful.

First, she argues that she sustained harm by not being able to work at West Shamokin, including emotional harm, economic harm, reputational harm, and attorneys' fees. ECF 6, ¶¶ 46-49; ECF 13, p. 9. But these harms, as pled, describe damages, rather than any adverse action. More specifically, there is a difference between an adverse action taken by an employer, constituting a change in employment status, and damages that flow from that action. Ms. Klingensmith has failed to plead the former. Her allegations of harm are all consequences of the discrimination (*e.g.*, attorneys' fees incurred in the EEOC action), and thus do not plead the adverse-action element. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742,

762 (1998) (describing employment actions as "the means by which the supervisor brings the official power of the enterprise to bear on subordinates"); *see also Forkkio v. Powell*, 306 F.3d 1127, 1130-31 (D.C. Cir. 2002) ("Purely subjective injuries, such as dissatisfaction with a reassignment, or public humiliation or loss of reputation, are not adverse actions." (cleaned up)).

Second, Ms. Klingensmith argues that the relocation or opportunity to work at other schools was inferior because she wouldn't be able to work at the same school as her children. This argument also fails. The benefit to Ms. Klingensmith of working at the same school as her children is not a term or condition of her employment, or a benefit afforded by virtue of her position. *See Durham Life*, 166 F.3d at 153 (adverse employment action found where plaintiff was deprived of negotiated conditions of plaintiff's employment, including a private office and secretary, and plaintiff's "vital" files were taken, making it impossible to work); *Brown v. Nat'l Penn Ins. Servs. Grp., Inc.*, No. 13-1748, 2014 WL 4160421, at *6 (E.D. Pa. Aug. 22, 2014) (relocation not an adverse action where location was not negotiated term of employment and not "vital" to employee's work), *aff'd*, 614 F. App'x 96 (3d Cir. 2015); *Khalil v. Rohm & Haas Co.*, No. 05-3396, 2008 WL 383322, at *18 (E.D. Pa. Feb. 11, 2008) (collecting cases that office change or relocation alone does not amount to adverse action as a matter of law absent change in compensation or title).

Recall that an "adverse action" is a "significant change in **employment status**, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Vance v. Ball State Univ.*, 570 U.S. 421, 431 (2013) (emphasis added) (cleaned up). Thus, while the opportunity to work at the same school as her children may have been preferred or desirable, the loss of this preference was just that—a lost preference. Moreover, it wasn't a preference that was a term of her employment and that was taken from her by her employer. This lost preference cannot establish an adverse employment

action. *Dickerson v. Keypoint Gov't Sols., Inc.*, No. 16-657, 2017 WL 3034720, at *6 (D. Del. July 18, 2017) (no adverse employment action where assignment to new location, while not preferred, was consistent with regular work and did not impact benefits or responsibilities), *report and recommendation adopted*, No. 16-657, 2017 WL 5755099 (D. Del. Nov. 28, 2017).

Third, Ms. Klingensmith argues that other available positions were inferior because they were located at schools farther from her home and so increased her commute time, while West Shamokin was closer to her home. She further alleges that this was an adverse change because her disabilities didn't allow her to drive far distances. A transfer to a job with a longer commute time may, under certain circumstances, constitute an adverse employment action. *See, e.g., Fawley v. Layman, Diener, & Borntrager Ins. Agency, Inc.*, No. 17-44, 2018 WL 3039737, at *4 (W.D. Va. June 19, 2018) (noting that while relocation "within a relatively compact geographic region that did not affect duties, pay, or benefits does not count as an adverse employment action[,] . . . courts have held that a significant increase in commute time, from 30 minutes to 3 hours, was a sufficient adverse action to support a discrimination claim."). But the amended complaint also fairly pleads that Ms. Klingensmith may have been able to teach at other nearby schools, including potentially Shannock as she originally had wanted. ECF 6, ¶ 46 ("**most of the substitute teaching shifts** at other schools close to her home were already filled" (emphasis added)). So, the inference is that there were at least some positions that were within an appropriate commuting distance. Ms. Klingensmith doesn't plead enough facts to plausibly allege the absence of comparable positions or the commute distances to those positions, so her complaint falls short under the pleading standard.

In sum, Ms. Klingensmith does not plead sufficient facts to satisfy the adverse-action prong for her claim predicated on the West Shamokin position. That said, the Court cannot find that further amendment here would be futile (particularly

regarding her allegations as to commuting to other schools), and so will dismiss this claim without prejudice and with leave to amend.

*   *   *

For these reasons, it is hereby **ORDERED** that the District's motion to dismiss (ECF 7) is **GRANTED**.  Ms. Klingensmith's claims as they pertain to her position at Shannock are dismissed with prejudice, but her claims as they pertain to the position at West Shamokin are dismissed without prejudice and with leave to amend consistent with this order.  Any amended complaint must be filed within 30 days of this Order, or else this dismissal will be converted to a dismissal with prejudice.

DATED this 23rd day of December, 2022.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge